## HENRY PARKER *vs.* ARNOLD ANTHONY.

A contract, under which labor is performed in erecting a building, must be an express contract entered into before the commencement of the work, in order to give the workman a lien on the building for the payment of his wages, under *St.* 1851, *c.* 343.

PETITION to enforce a lien, under *St.* 1851, *c.* 343, for fifteen days' labor alleged to have been performed by the petitioner, in erecting a house and shop on land of the respondent, under a contract whereby Henry B. Parker, who was then erecting the same under a contract with the respondent, agreed to pay the petitioner, for his labor so performed, the sum of two dollars a day.

The case was referred to an auditor, who found that the petitioner worked fifteen days; and " that no contract for any price per day was agreed upon between the petitioner and Henry B. Parker previously to the commencement of the work, except the implied contract that the petitioner should receive a reasonable price for his services; but that the price of two dollars per day was fixed and agreed upon previously to the work performed by the petitioner, and that the same was reasonable."

The respondent objected that, as it appeared that no agreement as to price of labor was made with the petitioner at the time of the commencement of his work upon the buildings, he was entitled to recover, if at all, only from the time when the price of labor was agreed upon. But the court of common pleas, to whom the case above stated was submitted, gave judgment for the petitioner for the amount found due by the auditor; and the respondent appealed.

*G. F. Hoar*, for the petitioner.

*E. B. Stoddard*, for the respondent.

BIGELOW, J. This petition was filed under the provisions of *St.* 1851, *c.* 343, by which real estate is made subject to a lien upon contracts for labor actually performed in erecting, repairing or altering any building, whether such contracts are made with the owner of the real estate, or with any other person

with whom the owner may have contracted for such erection, alteration or repair. The petitioner seeks to enforce a lien for a debt due to him for labor from Henry B. Parker, with whom the respondent had entered into a contract for the erection of a house on real estate belonging to him.

It is quite obvious that the remedy given by this statute, and which the petitioner now claims to enforce against the estate of the respondent, is of a novel, and somewhat extraordinary character. It renders the owner of real estate liable to have his property sold, not only to enforce the performance of his own contracts, but also to secure the fulfilment of contracts to which he is neither a party nor privy. In analogy to the lien on vessels which material men have in admiralty, the statute is intended to fasten on real estate a lien for all labor done and performed in the erection of buildings, or for the purpose of improving them or increasing their value, without regard to the precise legal rights and liabilities which parties might otherwise have under their contracts. It is therefore necessary that these provisions of statute should be construed strictly; not only because they are in derogation of the common law, but also in order to prevent the hardship and injustice which might result from too great latitude in their interpretation.

It appears, by the report of the auditor, that the labor performed by the petitioner, for which he claims to recover compensation in these proceedings, was not done in pursuance of any express contract between him and the person with whom the respondent had contracted to erect buildings on the premises, but that the services were rendered on the implied contract that he should receive a reasonable sum therefor. We are of opinion that such a claim is not within the provision of the statute, by which a lien is secured to the party performing labor, and that by a just interpretation it can be properly held to include only services rendered in pursuance of an express contract entered into before the work is performed. It is difficult, upon any other construction, to give force or effect to that clause in the statute, by which it is expressly provided, that the labor is to be performed " by virtue of any contract." If it had been intended

Parker *v.* Anthony.

to include claims arising under implied contracts for a reasonable compensation, where no agreement as to price or time had been entered into between the parties, these words would have been quite unnecessary. The provision that the lien might be claimed "by any person who shall actually perform labor," would have been sufficient.

An equally decisive consideration as to the true intent of this clause in the statute is found in the additional act, *St.* 1852, *c.* 307. It is there provided, "that nothing contained in the act to which this is an addition shall be so construed as to affect any mortgage actually existing and duly recorded prior to the date of the contract under which the lien is claimed." This very clearly implies that the contract is to be a distinct act, taking effect from a day certain and fixed, by which derivative rights and interests in the real estate may be ascertained and determined. It must therefore be an express contract, and not a claim arising under an implied contract, which from its nature cannot have the essential element of a fixed date or certain amount, but must accrue from time to time, as the services are rendered. It would be an anomaly in legal language, to speak of the date of an implied contract for services rendered.

Besides; it would lead to great uncertainty and confusion in titles to real estate, and to collusion and fraud in the settlement of accounts, if liens were allowed to accrue upon implied contracts, which are necessarily unliquidated, and which in themselves contain no certain elements by which their amount can be ascertained and adjusted. But by making an express contract the basis of a lien, the owner of real estate can always readily ascertain the extent of his own liability; and a contractor, in case of his own insolvency, would have no opportunity of increasing the claim for services by collusion with the laborer or mechanic, when it was to become a charge on the estate of his employer, beyond the amount for which he was to be personally liable, in case he had satisfied the claim.

In the case now before us, the claim of the petitioner is founded on an implied contract. He cannot therefore enforce any lien on the real estate of the respondent.

*Petition dismissed.*